

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# USA v. Kay

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4708

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kay" (2008). *2008 Decisions.* Paper 952.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/952

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4708
_____

UNITED STATES OF AMERICA

v.

JOHN KAY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-0231-1)
District Judge: Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before:  FISHER, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed June 30, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

John Kay ("Kay") appeals a decision denying his motion for termination of

supervised release.  Kay argues that the District Court erred in denying his motion by

improperly requiring proof of extraordinary circumstances warranting early termination.

He also maintains that the District Court erred by considering factors not expressly provided for in the statute governing modification of supervised release, 18 U.S.C. § 3583(e). For the reasons that follow, we will affirm the District Court's order.

## I.      Background

Because we write primarily for the benefit of the parties, we set forth only those facts pertinent to the issues before us on appeal. Kay "illegal[ly], improper[ly], and unsafe[ly]" removed thousands of feet of asbestos-covered heating pipes from a factory that he renovated, even though the Environmental Protection Agency had notified him of his duty to properly manage and remediate the worksite. (App. at 3a.) Kay's actions placed the community and his contractors at risk of asbestos exposure.

On June 9, 2005, after being indicted, Kay pled guilty to seven counts of criminal violations of the Clean Air Act, 42 U.S.C. § 7413(c). He was sentenced to ten months' imprisonment and three years' supervised release. On October 4, 2007, after serving ten months in prison and one year and two months of his supervised release, he petitioned the District Court for termination of his supervised release. In his motion, Kay stated that he had moved to Arizona and wanted to work as a realtor but was unable to qualify for a real estate license because Arizona law forbids the issuance of such licenses to persons on supervised release. *See* A.R.S. § 32-2124.M (stating that the Department of Real Estate "shall not issue a license to a person who has been convicted of a felony offense and who is ... under the supervision of a parole or community supervision officer").

The District Court denied Kay's motion for termination of supervised release. While the District Court recognized that it had the discretion to grant early termination pursuant to 18 U.S.C. § 3583(e),[1] it stated that early termination "is warranted only where the defendant can show that significantly changed circumstances require refashioning of his sentence. ... In short, 'early termination of probation should be ordered only in extraordinary circumstances.'" (App. at 5a (quoting *United States v. Guilliatt*, No. Crim. A. 01-408, 2005 WL 589354, at *1 (E.D. Pa. Jan. 18, 2005)).) The Court then concluded Kay's motion should be denied because

> [t]he fact that Mr. Kay may not be able to obtain an Arizona real estate license while on supervised release does not present a change in circumstances that would warrant a termination of his supervised release, particularly considering that his status does not bar him from obtaining a license in Pennsylvania, nor is he denied the opportunity to seek other employment in Arizona while he completes his sentence.

(App. at 5a-6a.) The Court acknowledged that Kay had complied with the terms of his supervised release and was apparently making a successful transition back into society; yet it stated that good behavior on supervised release and a voluntary move to Arizona

[1]Section 3583(e)(1) states in pertinent part:
The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) -

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

were not sufficient grounds to alter the sentence because "[Kay] should be required to face the consequences of his sentence, which appropriately reflected the gravity of his crimes and the harm his actions inflicted on society." (App. at 6a.)

Kay timely appealed the District Court's denial of his motion for termination.

## II. Discussion

We review a District Court's discretionary decision under 18 U.S.C. § 3583(e) not to grant early termination of a term of supervised release for abuse of discretion. *See United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006) (stating we review district court's decision to modify terms of supervised release for abuse of discretion).

Kay argues that the District Court erred in interpreting 18 U.S.C. § 3583(e)(1) to require proof of significantly changed or extraordinary circumstances for termination of supervised release. He notes that the express language of § 3583(e)(1) does not impose such a requirement, and he maintains that his motion should have been granted because he has abided by the terms of his release and exhibited good behavior.

It should be stressed, however, that the District Court did not hold as a matter of law that § 3583(e)(1) requires a showing of significantly changed or extraordinary circumstances. Instead, the District Court seemed to be articulating a sensible basis for the exercise of its broad discretion under that statute. Kay had committed criminal violations of the Clean Air Act, and the District Court could reasonably conclude that his

supervised release should not be terminated prematurely, absent a noteworthy change in circumstances.

In using the language "significantly changed or extraordinary circumstances," the District Court cited cases relying on the Second Circuit's decision in *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), which we cited in *Smith*, 445 F.3d at 717. The *Lussier* Court held that, under § 3583(e), changed, new, or unforseen circumstances, such as exceptionally good behavior by the defendant, could serve as a basis for a District Court's discretionary decision to modify supervised release. *Lussier*, 104 F.3d at 36. Although we have not expressly set forth a "significantly changed or extraordinary circumstances" standard, district courts in our Circuit have used *Lussier* as support for following that as a guide to the exercise of discretion. *See, e.g., United States v. Guilliatt*, No. Crim. A. 01-408, 2005 WL 589354, at *1 (E.D. Pa. Jan. 18, 2005) ("early termination of probation should be ordered only in extraordinary circumstances"); *United States v. Williams*, No. Crim. A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. 2006) (same); *United States v. Caruso*, 241 F. Supp.2d 466, 468-69. (D. N.J. 2003) (requiring a showing of "new or exceptional" circumstances warranting termination of probation); *United States v. Paterno*, 99-cr-037, 2002 WL 1065682, at *2 (D. N.J. 2002) (same). We need not determine in this case whether that is a controlling standard, because it is clear on the present record that the District Court did not abuse its discretion in looking for changed

circumstances and determining that Kay did not warrant a modified term of supervised release.

As support for its decision not to grant termination of Kay's supervised release, the District Court pointed to the fact that Kay is not prohibited from being a realtor in Pennsylvania, and that the only reason he is prohibited from the line of work he wishes to pursue is that he voluntarily moved to Arizona. Moreover, although Kay cannot work as a realtor in Arizona while serving the remainder of his supervised release, in less than thirteen months, when his supervised release is completed, he will be able to apply for a real estate license there. In the meantime, the terms of his supervised release do allow him to find other work. Despite his remaining under a sentence for his serious crimes, he enjoys a significant degree of freedom, and there was no abuse of discretion in declining to make him totally free.

Similarly, Kay's argument that the District Court erred in considering the factors set forth in 18 U.S.C. § 3553(a)(2)(A) is without merit. As discussed above, 18 U.S.C. § 3583(e) states that "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) ... terminate a term of supervised release." Absent from this list of factors that courts may consider is § 3553(a)(2)(A), which states that courts should consider "the need for the sentence imposed ... *to reflect the seriousness of the offense*, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A) (emphasis added).

6

Kay maintains that, after finding that his good behavior and voluntary move to Arizona did not justify termination of his supervised release, the District Court erred by stating that he "should be required to face the consequences of his sentence, which appropriately reflected the gravity of his crimes and the harm his actions inflicted on society." (App. at 6a.) According to Kay, although this statement was made after the District Court had already denied his motion, it shows that the Court improperly considered § 3553(a)(2)(A) in rendering a decision.

While it is not clear that the District Court considered the seriousness of Kay's crimes in deciding to deny his motion, it was not clear error if it did. *See Pineda v. Ford Motor Co.*, 520 F.3d 237 (3d Cir. 2008) (defining abuse of discretion standard as reviewing for a clear error of judgment). As explained above, the District Court gave an independently reasonable basis for its decision to deny Kay's motion to terminate. Furthermore, as the United States Courts of Appeals for the Second and Sixth Circuits have already held, the consideration of whether the sentence reflects the seriousness of an offender's crime is not limited to § 3553(a)(2)(A), but is expressed redundantly in the other factors courts are required to consider under § 3583(e).[2] *See Lewis*, 498 F.3d at 400 (holding it was not error for the trial court to consider § 3553(a)(2)(A) factors even

---

[2]For example, the District Court could have easily considered the seriousness of Kay's crimes under § 3553(a)(1), which directs the district court to consider the nature and circumstances of the offense. *See United States v. Lewis*, 498 F.3d 393, 400 (6th Cir. 2007) ("courts are already authorized to consider the seriousness of the offense under § 3553(a)(1)").

7

though not enumerated in § 3583(e) because § 3583(e) does not state that the court can only consider enumerated factors, and the considerations in § 3553(a)(2)(A) are "essentially redundant with matters courts are already permitted to take into consideration when imposing sentences for violation of supervised release"); *United States v. Williams*, 443 F.3d 35, 47-48 (2d Cir. 2006) (same); *see also United States v. Bungar*, 478 F.3d 540, 544 n.2, 545 (3d Cir. 2007) (acknowledging Second Circuit's holding in *Williams*, and adding that, although the record reflected that in evaluating modification of defendant's supervised release, the district court considered "the need for the sentence imposed 'to reflect the seriousness of the offense,'" it "properly applied § 3583 and gave meaningful consideration to the factors set forth under § 3553(a)").

## III.    Conclusion

Accordingly, we will affirm the District Court's denial of Kay's motion for termination of supervised release.