**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3845
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER GEOFF LAINE,
                                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 05-cr-00193-14)
District Judge: Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: December 16, 2010)
_____

OPINION
_____

PER CURIAM

        Appellant Christopher Laine pleaded guilty to conspiracy to distribute

controlled substances, in violation of 21 U.S.C. § 846; conspiracy to import controlled

substances, in violation of 21 U.S.C. § 963; conspiracy to introduce misbranded drugs

into commerce, in violation of 18 U.S.C. § 371 and 21 U.S.C. § 331(a); conspiracy to

commit money laundering, in violation of 18 U.S.C. § 1956(h); and promotional money

laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  In the plea agreement, Laine agreed that, with very limited exceptions, he would not appeal or present any collateral challenge to his conviction or sentence under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.  On February 2, 2007, the District Court, on the government's motion, departed from the advisory Guideline range of 41-51 months, and imposed on Laine a sentence of 24 months' imprisonment, to be followed by three years of supervised release.

After serving his sentence, and two of the three years of his term of supervised release, Laine filed a motion to terminate supervised release pursuant to 18 U.S.C. § 3583(e).[1]  In it he alleged that he had fully complied with the terms of his supervised release and there was no reason to further supervise him.  Furthermore, he had recently been ordained a priest, and he wanted to set up a monastery in fourteen western states with a mission to provide and care for children and women.  Toward that effort, he would need to travel around the United States and Canada to raise funds and public awareness.  After the government submitted a letter to the District Court indicating it did not oppose termination, the District Court nevertheless denied Laine's motion.  The court reasoned that Laine had committed extremely serious crimes, and a three-year term of supervised release was not inappropriate under those circumstances.[2]  Moreover, there

---

[1] Section 3583(e) of title 18 authorizes the sentencing court to terminate a term of supervised release prior to its expiration.  See Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir.), cert. denied, 130 S. Ct. 458 (U.S. 2009) (citing United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997)).  The defendant must have served one year of supervised release and the sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).
[2] Section 3583(e)(1) directs the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics;  (2) the need to afford  adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide

2

was nothing exceptional or unusual about Laine's having been compliant with the terms of his supervised release. The District Court noted that the United States Probation Office could certainly continue to supervise Laine without interfering with his plan to establish a monastery.

Laine appeals. Our Clerk advised him that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed and considered his submissions. Laine also has filed a motion for appointment of counsel on appeal and a motion to compel the production of certain probation records. The government has moved to enforce the appellate waiver Laine agreed to when he pleaded guilty.

We will grant the government's motion to enforce the appellate waiver and summarily affirm. Initially, we conclude that Laine knowingly and voluntarily agreed to the appellate waiver provision in the plea agreement. A waiver is enforceable if it was knowing and voluntary, and enforcing the waiver would not work a miscarriage of justice. See United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008) (waiver is valid if knowing and voluntary and enforcement does not result in a miscarriage of justice), cert. denied, 129 S. Ct. 2789 (U.S. 2009); United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007) (court will not exercise jurisdiction if waiver is knowing and voluntary and does not result in a miscarriage of justice); United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001) (waiver should be strictly construed if knowing and voluntary and not a

---

him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

miscarriage of justice).  At the guilty plea colloquy, the District Court reviewed the appellate waiver provision with Laine, and Laine indicated that he understood that he was waiving his appellate rights.  See N.T., 3/6/06, at 15-16.  Laine does not contend that the District Court did not adequately explain the waiver to him.  Cf. Fed. R. Crim. Pro. 11(b)(1) ("court must address the defendant personally" and "must inform the defendant of, and determine that the defendant understands *** (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence").

We further conclude that our decision in United States v. Goodson, 544 F.3d 529 (3d Cir. 2008), applies in Laine's case, and it requires us to enforce the waiver. Laine's motion is at its core one to shorten the sentence originally imposed.  In Goodson, we held that an identical waiver provision encompassed the defendant's right to appeal a special condition of his supervised release, reasoning that both "the *duration*, as well as the conditions of supervised release are components of a sentence."  Id. at 538 (emphasis added).  By waiving his right to a direct appeal, the defendant in Goodson waived his right to challenge the conditions of his supervised release.  See id.  Similarly, by waiving *his* right to a direct appeal, Laine waived his right to challenge the duration of his term of supervised release.

None of the narrow exceptions to the waiver applies in Laine's case. Moreover, we do not believe that enforcing the waiver will work a miscarriage of justice in Laine's case.  In Khattak, 273 F.3d at 562-63, we held that an appellate waiver should be strictly construed if knowing and voluntary and not a miscarriage of justice.  In determining whether the defendant should be relieved of the waiver, we consider the "clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant,

4

the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

Laine's circumstances do not suggest a miscarriage of justice. He pleaded guilty and admitted the charges, and the sentence imposed was well below the advisory Guidelines range. Generally, the sentencing judge's discretion to monitor a defendant's supervised release is broad, cf. Gall v. United States, 552 U.S. 38, 51-52 (2007) ("The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court."), and early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it, see Lussier, 104 F.3d at 36. Simple compliance with the conditions of supervised release are expected and not exceptional, and Laine's plan to open a monastery to serve victims of domestic violence, and to travel the United States and Canada to raise money and public awareness, does not mean that his continuation on supervised release for another year is a miscarriage of justice. Last, because we are enforcing the waiver, we will not consider Laine's argument that the District Court erred by rendering its decision without first seeking input from the Probation Office.

For the foregoing reasons, we will grant the government's motion, enforce the appellate waiver, and summarily affirm. Laine's motion for appointment of counsel on appeal and motion to compel are denied.