**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1158
_____

UNITED STATES OF AMERICA

v.

CORY MELVIN,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cr-00343-001)
District Judge: Honorable Kevin McNulty

_____

Argued: September 23, 2020

Before: AMBRO, PORTER, and ROTH,
*Circuit Judges*.

(Filed: October 16, 2020)
_____

Richard Coughlin
Louise Arkel **[ARGUED]**
Office of Federal Public Defender
1002 Broad Street
Newark, NJ 07102

    *Counsel for Appellant Cory Melvin*

Craig Carpenito
Sabrina G. Comizzoli **[ARGUED]**
Mark E. Coyne
Office of United States Attorney
970 Broad Street
Newark, NJ 07102

*Counsel for Appellee United States of America*

_____

OPINION OF THE COURT

_____

PORTER, *Circuit Judge*.

More than a decade ago, Cory Melvin pleaded guilty to all counts of a seven-count indictment charging him with possession and transfer of a machine gun, being a felon in possession of a firearm, engaging in an illegal firearms business, and conspiracy. In April 2011, the District Court sentenced Melvin to 121 months of imprisonment and three years of supervised release. On appeal, we affirmed Melvin's conviction. *See United States v. Melvin*, 463 F. App'x 141, 149 (3d Cir. 2012). Melvin was released from prison in July 2017 and began his three-year term of supervised release on November 28, 2017.

On August 29, 2019, with 15 months of supervised release yet to be completed, Melvin filed a motion in the District Court for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e). Melvin argued that early termination was warranted because "his post-offense conduct and successful completion of well over one year of supervised release" rendered any additional period of supervised release "superfluous to afford adequate deterrence …, to further drive home the point that his conduct was wrong, or to serve the public good." App. 19–21. Unpersuaded, the District Court denied the motion on January 9, 2020.

Melvin appeals this adverse order, contending that the District Court abused its discretion in requiring him to show that changed or extraordinary circumstances warrant relief. We

2

agree that the District Court misapprehended the applicable legal standard because of language from non-precedential decisions of this Court. We clarify the appropriate standard today. Accordingly, we will vacate the District Court's order and remand for reconsideration of Melvin's motion under the correct standard.

## I

Melvin is, according to his submission to the District Court, a changed man. He "has worked steadily, continued and strengthened his relationships with his children and new wife, and impressed his Probation Officer." App. 17. He "is crime-free, incident-free, and is steadily employed in not just one but two jobs." App. 19. He desires "to work and to provide for his family, and work to be a better man and a happy person and enjoy freedom after a lengthy prison sentence." App. 20. And having completed most of his three-year supervision term, he "represents no danger to the public." App. 19.

In light of his stellar conduct and new outlook on life, Melvin believes that the interests of justice would be served by early termination of his term of supervised release. He told the District Court that early termination would "allow[] the Probation Office to invest its resources in the supervision of those who truly need it," and would also satisfy "the relevant goals of sentencing." App. 19–20. While recognizing that "early termination of supervision is not granted as a matter of course," Melvin argued that it was warranted in his case in the exercise of the District Court's discretion. App. 19.

The government opposed Melvin's motion, contending that his conduct demonstrated "mere compliance" with the terms of supervised release and "fail[ed] to present exceptional or unforeseen circumstances that would warrant early termination." App. 34–35. Melvin countered that the statute does not "require extraordinary circumstances" to be shown before early termination may be granted. App. 38.

The District Court denied Melvin's motion. It adopted the government's view that the applicable legal standard requires a showing of new, unforeseen, or extraordinary or exceptional circumstances:

3

Early termination is warranted "only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010), or upon a showing of "new or unforeseen circumstances," *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). Compliance with the conditions of supervised release is expected, not exceptional; without more, compliance is not enough to warrant early termination. *See Laine*, 404 F. App'x at 574; *United States v. Senyszyn*, No. 06-CR-311, 2015 WL 3385520, at *1 (D.N.J. May 26, 2015).

App. 4.

Applying that standard to Melvin's circumstances, the District Court agreed that Melvin had "adjusted very well to supervision and lived a law-abiding life." App. 4. But the District Court then found that Melvin's serious offenses of conviction outweighed his more recent conduct and that Melvin's compliance with the terms of supervised release were "not special or unforeseen circumstances" warranting early termination. App. 5. The court also deemed supervision "not so burdensome as to be counterproductive" since Melvin would be required to report only once every three months until November 2020. App. 5. While the court "applaud[ed]" Melvin for being "on the road to a law-abiding life," it considered this change in Melvin's behavior as proof that "supervised release is working as intended." App. 5. After giving "due consideration to the [18 U.S.C.] § 3553(a) factors," the court concluded that it would "exercise [its] discretion to deny the motion for early termination of supervised release." App. 5.

Melvin timely brought this appeal.

**II**

The District Court had subject-matter jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over Melvin's appeal under 28 U.S.C. § 1291. We review the court's denial of a motion for early termination of supervised release for abuse of discretion. *United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006). An abuse of discretion "can occur if [a district court] fails to apply the proper legal standard[.]"

4

*United States v. Tomko*, 562 F.3d 558, 565 (3d Cir. 2009) (en banc) (internal quotation marks omitted); *accord United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (explaining that it is an abuse of discretion for a court to apply the wrong legal standard when deciding a § 3583(e) motion to terminate supervised release).

Under 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. The statute provides, in relevant part:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

The provision requires a court entertaining a motion for early termination of supervised release to consider the following § 3553(a) sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Davies*, 746 F. App'x at 88–89 (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)).

After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice. 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. District courts are not required to make specific findings of fact with respect to each of these factors; rather, "a statement that [the district court] has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted).

The District Court considered the § 3553(a) factors, Melvin's conduct, and the interest of justice in reaching its conclusion that early termination was unwarranted. We take no issue with its weighing of these considerations. Nevertheless, we feel compelled to vacate its order because of its reliance on our non-precedential decisions in *Laine* and *Davies* for the proposition that early termination "is warranted '*only when* the sentencing judge is satisfied that something exceptional or extraordinary warrants it,'" or "upon a showing of 'new or unforeseen circumstances[.]'" App. 4 (emphasis added) (first quoting *Laine*, 404 F. App'x at 573–74, then quoting *Davies*, 746 F. App'x at 89). This requirement finds no support in the statutory text. We therefore hold that a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1).

Our opinion in *Laine* stated, in reliance on the Second Circuit's decision in *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997), that "early termination of supervised release under section 3583(e) should [generally] occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it[.]" *Laine*, 404 F. App'x at 573–74. But this was a misreading of *Lussier*. As the Second Circuit explained more recently, *Lussier* "does not *require* new or

changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). In other words, extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination. *See United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012). We think that "[g]*enerally*, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances" warrant it. *Davies*, 746 F. App'x at 89 (emphasis added) (internal quotation marks omitted). That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

This Court shoulders some of the blame for the District Court's belief that new circumstances must be present. *See, e.g., United States v. Kay*, 283 F. App'x 944, 946 (3d Cir. 2008) (holding that a district court "did not abuse its discretion in looking for changed circumstances"). And the District Court would likely act within the bounds of its discretion if it reached the same result on remand. But we will vacate the District Court's order out of an abundance of caution, due to the risk that reliance on our decision in *Laine* may have tainted its analysis.

### III

For the foregoing reasons, we will vacate the District Court's order denying Melvin's motion and remand for further proceedings. Because Melvin's term of supervised release is set to end late next month, at which point his motion would be moot, we will direct the Clerk of Court to issue the mandate forthwith. *See* Fed. R. App. P. 41(b). We trust that the District Court will reconsider the motion with appropriate dispatch.

7