**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2722
_____

UNITED STATES OF AMERICA

v.

JAMES S. BIEAR,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2:20-cr-00246-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 16, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

When presented with a timely motion to terminate a term of supervised release before that term has expired, a district court must assess the motion using the set of sentencing factors under 18 U.S.C. § 3553(a) that are identified in § 3583(e)(1). The primary question presented by appellant James Biear is whether the record in this case reflects that the District Court conducted the required assessment. Answering in the negative, we will vacate the judgment below and remand for further proceedings.

I.

Biear worked as a driver and personal assistant to Kenward Elmslie—a poet and heir to the Joseph Pulitzer fortune. Over the course of two years, Biear swindled Elmslie out of money, artwork, and other valuables. He then used the ill-gotten items to commit a series of duplicitous transactions.

A jury in the United States District Court for the Southern District of New York found Biear guilty of money laundering, wire fraud, bank fraud, and related offenses. He was sentenced to ten years of incarceration, to be followed by four years of supervised release. Biear also was ordered to pay over three million dollars in restitution. See United States v. Biear, 558 F. App'x 61, 62 (2d Cir. 2014) (summary order).

When Biear was released from prison, he took up residence in Lyndhurst, New Jersey. Jurisdiction over Biear's supervised release thus transferred to the United States District Court for the District of New Jersey (i.e., the District Court).

2

In August 2020, Biear filed a pro se motion under § 3583(e)(1) to terminate his term of supervised release. The Government opposed, arguing that termination was inappropriate in light of, inter alia, the seriousness of Biear's offenses, the percentage of the term of supervised release yet to be served, and the minimal burden of Biear's low-intensity supervision. Biear responded by listing his accomplishments while incarcerated.

The Probation Office weighed in as well. In a generally favorable August 14, 2020 letter to the District Court, the Probation Office noted that Biear "has complied with all the conditions of supervision," that he "is compliant with his financial obligation," and that he "was transferred to the District['s] Low Intensity Caseload." The Probation Office referenced several criteria for evaluating Biear's motion and stated in conclusory fashion that Biear "does meet the minimal criteria for early termination."

The end of the August 14, 2020 letter contained space for the District Court to put a mark next to one of two dispositions proposed by the Probation Office. The District Court's expression of its adjudication of Biear's motion is comprised of the following mark, signature, and date:

_____ Early termination granted. Supervision term to end immediately.
__X__ Supervision to be continued.


                                        s/Susan D. Wigenton
                                     United States District Judge


                                        August 14, 2020
                                              Date


3

Biear promptly moved for reconsideration of the District Court's adverse ruling, taking issue with statements that had been made by the opposing parties, detailing his fruitless job search, and arguing that he "satisfies all the factors set forth for early termination." The District Court entered an order denying the motion, reasoning that Biear had merely "reiterate[d] his prior arguments . . . and to the extent he argues this Court failed to consider facts he now introduces for the first time in the Motion, such facts are not 'new' for the purposes of reconsideration." This appeal followed.

## II.

Biear's notice of appeal is timely. Fed. R. App. P. 4(a)(1)(B). We have jurisdiction under 28 U.S.C. § 1291 to review both orders of the District Court that Biear challenges on appeal, and both orders are reviewed for abuse of discretion. See Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021) (discussing review of orders denying motions for reconsideration); United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (discussing review of orders denying motions under § 3583(e)(1)). "An abuse of discretion occurs when a lower court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" Robinson v. First State Cmty. Action Agency, 920 F.3d 182, 191 (3d Cir. 2019) (citation omitted).

## III.

Section 3583(e) provides a statutory mechanism for a defendant serving a term of supervised release to request that the term end early. In determining whether to grant

4

such relief to an eligible defendant,[1] district courts are to consider several of the sentencing factors set forth in § 3553(a). See Melvin, 978 F.3d at 52 (listing the factors identified in § 3583(e)(1)). "After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id.

Biear argues on appeal that the District Court did not explicitly consider the pertinent § 3553(a) factors and thus did not adequately explain its decision denying relief under § 3583(e)(1). See Br. 2. We agree.

A litigant should be told why an application for relief is being decided one way or another. That said, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." Rita v. United States, 551 U.S. 338, 356 (2007). During an original sentencing proceeding, at least, a district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id.

The Supreme Court has not yet decided whether that requirement prevails in sentence-modification proceedings, such as those under §§ 3582(c) and 3583(e). Regardless, we explained in Melvin that a district court's obligation to provide reasons for its decision in proceedings under § 3583(e)(1), specifically, does not impel it to make any findings of fact; instead, its obligation may be satisfied by a simple "statement that

---

[1] A defendant must have served at least one year of the applicable term of supervised release in order to be statutorily eligible for termination. See 18 U.S.C. § 3583(e)(1).

the district court has considered the statutory factors." 978 F.3d at 52-53 (cleaned up). This is a low bar to scale.

Here, however, the Probation Office's August 14, 2020 letter-cum-order of the District Court lacked any expression by the District Court that the statutorily pertinent factors had been considered. And the record on appeal does not sufficiently fill that analytical gap with information extrinsic to the District Court's decision. We thus cannot tell whether the District Court did what § 3583(e)(1) requires.

Accordingly, the District Court abused its discretion in denying Biear's motion for termination of supervised release. The proper remedy under these circumstances is to vacate the judgment and remand. See Chavez-Meza v. United States, 138 S. Ct. 1959, 1965 (2018); cf. United States v. Johnson, 877 F.3d 993, 996, 999-1000 (11th Cir. 2017) (vacating and remanding where the district court denied a motion under § 3583(e)(1) in a paperless entry on the docket without explaining its decision, and without any indication from the record as to the basis for the denial); United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011) ("Stating simply that the court has 'reviewed the motion,' as the district court did in this case, is not equivalent to considering the statutory factors. Something more is needed, and we find the district court abused its discretion in failing to consider the statutory factors.").

The Government's arguments in resistance to the foregoing conclusion—which posit in different ways that the District Court's consideration of the § 3553(a) factors may be inferred from various elements of the record—fail to persuade.

6

To begin with, it is true that the Government briefly analyzed the § 3553(a) factors in its opposition to Biear's motion. But in denying that motion the District Court did not acknowledge, let alone incorporate by reference, the Government's submission. Separately, the lone reference to § 3553(a) in the letter submitted by the Probation Office and signed by the District Court merely recognizes that there are statutory factors that must be considered in adjudicating a timely motion under § 3583(e)(1); recognition that such factors exist is distinct in a legally material way from actual consideration of the factors. In sum, whether the District Court considered the pertinent § 3553(a) factors cannot be discerned from the parties' filings below.

The Government also finds no support in Chavez-Meza. There, the Supreme Court held that a form order denying a motion for a sentence reduction under § 3852(c)(2)—a form (AO 247[2]) that contains preprinted statements conveying that the district court has considered the motion, the § 3553(a) factors, and the relevant policy statement—was capable of meaningful appellate review. See 138 S. Ct. at 1967. In reaching that conclusion, the Supreme Court "relied on the fact that the same district court conducted the petitioner's initial sentencing hearing, and thus, the record itself made it clear why the district court adopted its chosen sentence in the second instance." United States v. McDonald, 986 F.3d 402, 409 (4th Cir. 2021). Insofar as the District Court did not sentence Biear or at any previous time pass on a modification motion filed by him, this is

---

[2] See https://www.uscourts.gov/sites/default/files/ao_247_0.pdf (last visited May 28, 2021).

7

not a case like <u>Chavez-Meza</u>, where some prior consideration of the § 3553(a) factors can be interpolated into a new proceeding for which consideration of those factors is required.

Finally, the Government argues that the District Court's consideration of the pertinent § 3553(a) factors may be inferred from the combination of the result below and the substantive weakness of Biear's motion. While there may be a natural and legitimate correlation between the length of a decision and the relative strength of a litigant's case, this appeal is not about proportionality but instead the bare minimum a district court must convey in order to reveal that the § 3553(a) factors have been considered. And, to summarize, there is nothing in the record on appeal that inspires sufficient confidence that the factors were indeed considered.

IV.

For the reasons given above, the District Court's judgment will be vacated and the matter remanded for proceedings consistent with this opinion.[3]

---

[3] Our decision on appeal should not be read to suggest a particular result on remand. Nor should it be read to suggest that a hearing on remand would be appropriate. Additionally, in light of our disposition, we have not addressed Biear's arguments as to why the District Court allegedly abused its discretion in denying his motion for reconsideration.