NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3177
_____

UNITED STATES OF AMERICA

v.

CHAKA FATTAH, JR.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-00409-001)
District Judge: Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 19, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: July 5, 2022)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chaka Fattah, Jr. appeals from an order of the District Court denying his second motion for early termination of supervised release. For the reasons that follow, we will affirm.

In 2015, a jury found Fattah guilty of 22 counts, including bank fraud, making false statements to obtain and settle loans, making false statements concerning loans insured by the Small Business Administration, filing false federal income tax returns, failing to pay federal income tax, theft from a program receiving federal funds, and wire fraud. In 2016, the District Court sentenced him to 60 months in prison, followed by five years of supervised release, and directed him to pay $1,172,157 in restitution and a special assessment of $2,125. We affirmed on appeal. See United States v. Fattah, 858 F.3d 801 (3d Cir. 2017).

On May 6, 2020, Fattah began serving his five-year term of supervised release. Just over a year later, in early May 2021, Fattah filed a counseled motion under 18 U.S.C. § 3583(e)(1) for early termination of supervised release. His probation officer opposed early termination. The District Court denied the motion. The Court commended Fattah for his progress in the first year of supervision, but noted "the extensive and numerous financial crimes that Fattah committed over a seven-year period"; the fact that the School District of Philadelphia was a major victim of his crimes; the planning, deception and fraud that went into his crimes; and how integral his crimes were to his lifestyle at the time, which included excessive spending and gambling. The Court reasoned that in light of this history, one year of supervision was insufficient to make a determination regarding whether Fattah had been rehabilitated and could be fully integrated into the community. Furthermore, the Court stated that it had considered the factors under 18 U.S.C. § 3583(e)(1) and

2

concluded that Fattah had failed to demonstrate that his post-release conduct and the interest of justice warranted early termination of supervision.

In November 2021, six months after filing his counseled motion and eighteen months into his term of supervision, Fattah filed a pro se motion for early termination. His probation officer again opposed early termination. The District Court denied Fattah's pro se motion, noting that the two motions were similar, that nothing in the new motion was materially different from the previous motion, and that Fattah was still in the early stage of supervision. The Court incorporated its reasoning from its denial of his counseled motion, again stated that it had considered the relevant factors under § 3583(e)(1), and again concluded that Fattah had failed to demonstrate that his post-release conduct and the interest of justice warranted early termination of supervision. Fattah timely appealed. In this Court, he has also filed a motion requesting oral argument, which we deny.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's denial of Fattah's motion to terminate supervised release for abuse of discretion. See United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). "An abuse of discretion occurs when a lower court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Robinson v. First State Cmty. Action Agency, 920 F.3d 182, 191 (3d Cir. 2019) (internal quotation marks omitted). "Underlying our review for abuse of discretion are the principles that: 1) a district court may have a better vantage point than we on the Court of Appeals to assess the matter, and 2) courts of appeals apply the abuse-of-discretion standard to fact-bound issues that are ill-suited for appellate

rule-making." United States v. Sheppard, 17 F.4th 449, 454 (3d Cir. 2021) (internal quotation marks and citations omitted).

Section 3583(e) authorizes a sentencing court to terminate a term of supervised release prior to its expiration. See Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009) (citing United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997)). The defendant must have served one year of supervised release and the sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making such a determination, district courts are directed by the statute to consider several of the sentencing factors set forth in 18 U.S.C. § 3553(a). See Melvin, 978 F.3d at 52 (listing the factors identified in § 3583(e)(1)).[1] "After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id.

Fattah's first argument is that the District Court abused its discretion in denying his pro se motion for early termination by relying in part on the amount of supervision he had

---

[1] Specifically, § 3583(e)(1) directs the sentencing court to consider many factors set forth in 18 U.S.C. § 3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the necessity to afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements of the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7). See also Fed. R. Crim. P. 32.1 (establishing procedures pursuant to which sentencing court may modify the conditions of defendant's supervised release).

4

completed, which Fattah characterizes as a "forbidden factor." Fattah appears to have two bases for this argument. First, he asserts that, because § 3583(e)(1) permits termination of supervised release after a year, and he had completed 18 months when he filed his motion, the District Court could not consider how much time he had completed in deciding whether to grant his request for early termination and, accordingly, erred by noting that Fattah was still early in the early period of supervision. This argument lacks merit. Simply stated, § 3583(e)(1) permits termination of supervised release after one year; it does not require it.[2] We are satisfied that the length of the remaining term of supervised release is one of the "wide range of circumstances" that district courts may appropriately consider. Melvin, 978 F.3d at 52 (internal quotation marks omitted); cf. United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (approving consideration of remaining length of sentence in compassionate-release cases).

Fattah's second basis for arguing that the District Court erred by relying in part on the amount of supervision he had completed is based on provisions of the Judicial Conference's Guide to Judiciary Policy in a volume addressing probation and pretrial services. See Guide to Judiciary Policy, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision)), § 360.20(b)-(c) (July 2, 2018). Part E of Volume 8 "provides

---

[2] Fattah cites inapposite caselaw in support, such as cases where district courts, in their discretion, decided to terminate supervised release between a year and 18 months into the term. He also relies on United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011), where the Seventh Circuit remanded because the district court had a policy of arbitrarily refusing to terminate supervised release before the final 12 months of the term, in direct contravention of the analysis mandated by § 3583(e)(1). This was not the case here, where the District Court explicitly noted that Fattah's history rendered the period of supervision completed insufficient for termination of supervised release.

guidance to U.S. probation offices on the supervision of persons who are conditionally released to the community by the U.S. district courts or paroling authorities on . . . supervised release." Id. at § 110 (titled "Purpose"); see also id. at § 120 (titled "Applicability" and providing that "[t]he guidance in this part applies to employees of the U.S. probation and pretrial services system in U.S. district courts in the performance of their duties."). The first provision relied upon by Fattah states that "[d]uring the first 18 months of supervision, the appropriateness of early termination must be based on the person's overall progress in meeting supervision objectives," provides examples of such progress, and notes that "Officers should not recommend persons for early termination who have an identified higher risk to community safety." Id. at § 360(b) (emphasis added). The second provision Fattah cites for support states that "[a]t 18 months, there is a presumption in favor of recommending early termination for persons who meet [certain] criteria," and then lists such criteria. Id. at § 360(c) (emphasis added).

Fattah's argument here is misplaced. These provisions do not impose a presumption on district courts in favor of early termination. Rather, they provide probation officers with a framework for when it is appropriate to recommend early termination of supervised release to district courts. Accord United States v. Morgan, No. 16-CR-57-JFH, 2019 U.S. Dist. LEXIS 69716, at *4 (E.D. Wis. Apr. 24, 2019) ("That 'presumption' is a statement of policy that, while it governs probation officers, does not bind the courts."). As noted, district courts are statutorily bound to consider certain factors and to then determine whether "early termination is warranted by the defendant's conduct and is in the interest of justice." See Melvin, 978 F.3d at 52. While nothing we say here prevents a district court from

6

considering the factors identified in these provisions in an appropriate case, we are satisfied that the District Court here adequately considered the factors set forth in § 3583(e)(1). See generally id.

Given the District Court's compliance with § 3583(e)(1) in denying Fattah's motion, Fattah's final two arguments can be disposed of with dispatch. He argues that the District Court failed to consider the interests of justice because he is unable to pursue certain professional opportunities as a result of his continued supervision, and that the Court did not properly consider his exemplary post-release conduct. However, the District Court did consider those factors, see ECF No. 274 at 5, and acted well within its discretion in weighing the evidence.

For these reasons, we will affirm the District Court's denial of Fattah's motion for early termination of supervised release.