**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1064, 23-1198, 23-1531
_____

UNITED STATES OF AMERICA

v.

CHAKA FATTAH, JR.,
                                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00409-001)
District Judge:  Honorable Harvey Bartle III

_____

Submitted on Appellant's and Appellee's Motions for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 15, 2023
Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: July 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

      Chaka Fattah, Jr., proceeding pro se, appeals the District Court's orders denying

his requests for early termination of supervised release, to recuse, and for a writ of coram

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

nobis.  Fattah and the Government have each filed motions for summary action.  For the reasons that follow, we will deny Fattah's motion, grant the Government's, and summarily affirm the District Court's judgments.

After being found guilty by a jury of numerous charges involving fraud and making false statements, Fattah was sentenced to 60 months in prison and five years of supervised release.  He was also directed to pay $1,172,157 in restitution and a special assessment of $2,125.  We affirmed on appeal.  See United States v. Fattah, 858 F.3d 801 (3d Cir. 2017).

Fattah finished serving his term of imprisonment and is now on supervised release.  After serving a year of that term, Fattah filed a motion under 18 U.S.C. § 3583I(1) for early termination of supervised release, which the District Court denied.  Six months later, Fattah filed a second such motion, which the District Court also denied.  Fattah appealed, and we affirmed.  United States v. Fattah, No. 21-3177, 2022 WL 2437846, at (3d Cir. July 5, 2022) (per curiam).

Fattah then filed the motions at issue in this appeal.  First, after serving just over half of his five-year term, Fattah filed a third motion for early termination of supervised release.  See ECF No. 287.  The Government and Fattah's probation officer opposed the request, and the District Court denied it.  See ECF No. 291.  Fattah appealed, and that appeal has been docketed at C.A. No. 23-1064.

Fattah then filed a motion for recusal.  See ECF No. 294.  He pointed out that he was ordered to pay $940,000 in restitution to the Philadelphia School District,[1] while his co-defendant David Shulick was subsequently ordered to pay only about $760,000 for losses arising out of the same scheme.  Fattah argued that this disparity provided grounds to doubt the District Judge's impartiality.  The District Court denied the motion.  See ECF No. 295.  Fattah appealed, and that appeal has been docketed at C.A. No. 23-1198.

Finally, Fattah filed a petition for a writ of coram nobis.  See ECF No. 298.  Here, Fattah sought to modify his restitution obligation to match Shulick's.  The Court denied that motion, too, see ECF No. 305, and Fattah filed a third notice of appeal, which has been docketed at C.A.  No. 23-1531.

In this Court, on Fattah's motion, C.A. Nos. 23-1064 and 23-1198 were consolidated.  The Government has filed a motion to summarily affirm all three of the District Court's orders.[2]  Fattah has filed a motion to summarily vacate in C.A. No. 23-1531.

We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion the District Court's denial of Fattah's motion to terminate supervised release, see United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020), and its denial of his motion to recuse, see Butt v. United Bhd. Of Carpenters & Joiners of Am., 999 F.3d 882, 891 (3d Cir.

---

[1] The School District was the main victim of Fattah's crimes.  He was also ordered to pay lesser amounts of restitution to nine other victims, but only the amount due to the School District is at issue here.

[2] We grant the Government's request to file this motion and to be relieved of its responsibility to file a brief.

2021).  We exercise plenary review over its denial of the coram nobis petition.  See

United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam).  We may take

summary action if an appeal fails to present a substantial question.  See 3d Cir. L.A.R.

27.4, I.O.P. 10.6.

The District Court did not abuse its discretion in denying Fattah's motion for early

termination of supervised release.  In denying early termination, the District Court

referred to its reasoning for denying Fattah's previous requests, in which it determined

that termination was inappropriate because Fattah had committed numerous and

extensive financial crimes over a seven-year period; his crimes took planning and

involved deception and fraud; and before his incarceration, he had been profligate in his

spending, and his probation officer was helping oversee his financial dealings.  See ECF

No. 274.  The Court was also reluctant to terminate given the large sum of restitution that

remained outstanding.  See ECF No. 291.  Fattah argues that the District Court should

have given greater weight to his good behavior since being released from prison and the

fact that other defendants have been subject to just a three-year term of supervised

release.  However, we have explained that a District Court "enjoys considerable

discretion in determining whether the conduct of the defendant and interest of justice

warrant early termination," United States v. Sheppard, 17 F.4th 449, 457 (3d Cir. 2021),

and we cannot conclude that the Court abused that considerable discretion here.

Nor did the District Court err in declining to recuse.  Fattah argues that recusal is

necessary because the District Court ordered him to pay more in restitution than his co-

conspirator.  However, as a general matter, "a party's displeasure with legal rulings does

not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Further, review of the record reveals how the different loss calculations came to be. In both cases, the Government alleged that the School District's loss was about $940,000. Fattah, whose case proceeded first, represented himself and argued that the loss was $0 because he actually provided services to the School District. See ECF No. 257 at 20, 26, 28. The District Court rejected that argument and imposed the amount calculated by the Government.

Meanwhile, Shulick, through counsel, raised the issue of loss before sentencing, see ECF No. 193, briefed the issue in some detail, see ECF Nos. 202, 212, and presented expert testimony. Ultimately, Shulick convinced the Court that he should be credited with certain expenditures made toward the School District contract, which resulted in the lower loss calculation. Thus, the different results were the product of the different arguments presented by the defendants—not bias. The District Court was not required to recuse. Cf. United States v. Pierce, 409 F.3d 228, 233–34 (4th Cir. 2005) (explaining that, despite reaching different conclusion than in case involving co-conspirator, "[t]he district court was free to estimate the loss resulting from the fraud based on the information available to it in this case"); United States v. Valdez-Soto, 31 F.3d 1467, 1476 n.21 (9th Cir. 1994) (explaining that "differences in evidence available at different sentencing hearings can mean there is no real inconsistency between findings on the amount of drugs with which a particular defendant was involved").

Finally, the District Court did not err in denying Fattah's petition for coram nobis. Coram nobis requires that "the petitioner (1) is no longer in custody; (2) suffers

5

continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." Ragbir v. United States, 950 F.3d 54, 62 (3d Cir. 2020). Fattah does not satisfy those requirements. For one, supervised release counts as custody. See United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993). And even more fundamentally, as our discussion above reveals, Fattah could have made all the same arguments that Shulick did at sentencing but simply failed to do so. This is not the type of situation coram nobis is designed to remedy. See, e.g., Ragbir, 950 F.3d at 63 (explaining that the writ requires that "a party was unable to make certain arguments at trial or on direct appeal"); United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007).

Accordingly, we grant the Government's motion for summary action, deny Fattah's motion, and will summarily affirm the District Court's judgments.