**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2932
_____

UNITED STATES OF AMERICA

v.

CATHARINE L. MILLER,
                                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-21-cr-00451-001)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2024
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, ROTH and RENDELL, <u>Circuit</u> <u>Judges</u>.


(Opinion filed: December 4, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Catharine Miller moved for early termination of her lifetime term of supervised release pursuant to 18 U.S.C. § 3583(e). She argued that new circumstances and developments in her life warranted an early end of her supervised release. The District Court disagreed and denied her motion. For the reasons that follow, we will affirm the District Court's order.

I.[1]

Catharine Miller, then a woman in her early thirties, pled guilty to one count of traveling in interstate commerce to engage in illicit sexual contact with a person under eighteen years of age in violation of 18 U.S.C. § 2423(b) in 2008. Miller began an online relationship with a fourteen-year-old girl. She solicited lewd photos from the minor child and the two discussed sex online on numerous occasions. Miller eventually drove from Ohio to Illinois to meet the minor child. The two were found together in Miller's car. Police soon arrested Miller, who later admitted to lewdly communicating with the minor child and engaging in sexual activity with her in Illinois. A judge of the United States District Court for the Southern District of Illinois sentenced her to 120 months imprisonment followed by a lifetime term of supervised release in 2009. But the United States Court of Appeals for the Seventh Circuit vacated her sentence and remanded for resentencing. See United States v. Miller, 601 F.3d 734, 740 (7th Cir. 2010). She

_____

[1] Because we write for the parties, we recite only facts pertinent to our decision.

2

received a new sentence of 87 months imprisonment followed by a lifetime term of supervised release on remand in 2010.  Miller did not appeal this new sentence.

Miller was released from the Bureau of Prisons on or about March 13, 2015 and began her lifetime term of supervised release.  She moved to a location within the Western District of Pennsylvania, where she is originally from in 2016, and the United States District Court for the Western District of Pennsylvania accepted transfer of her supervised release and assumed jurisdiction.

Miller moved for early termination of her term of supervised release under 18 U.S.C. § 3583(e) in September 2023, about eight years into the term.  The Government opposed Miller's motion.  The District Court denied the motion on October 13, 2023.  Miller then timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.[2]  We review a District Court's denial

---

[2] Miller's notice of appeal states that she appeals the "final judgment entered on October 13, 2023."  Appendix ("App.") 1.  This Court has instructed that "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."  United States v. Soriano Nunez, 928 F.3d 240, 243 (3d Cir. 2019) (quoting United States v. Rodriguez, 855 F.3d 526, 530 (3d Cir. 2017)).  But "we construe such notices [of appeal] liberally."  TD Bank N.A. v. Hill, 928 F.3d 259, 269 (3d Cir. 2019) (citing Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013)); see also Smith v. Barry, 502 U.S. 244, 248 (1992).  And we have observed that denials of § 3583(e) motions are final decisions subject to appellate review.  United States v. D'Ambrosio, 105 F.4th 533, 537 (3d Cir. 2024).  We are satisfied that we have jurisdiction to consider the October 13, 2023 denial of her motion for early termination of her term of supervised release, despite her misstatement.  See Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 163 (3d Cir. 2017).

of a motion for early termination of supervised release for abuse of discretion.[3] United

States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). An abuse of discretion "can occur if [a

district court] fails to apply the proper legal standard." Id. (quoting United States v.

Tomko, 562 F.3d 558, 565 (3d Cir. 2009) (en banc)) (alteration in original).

III.

District courts may end a defendant's term of supervised release early pursuant to

18 U.S.C. § 3583(e). Section 3583(e) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). The statute requires courts to consider the factors set out in 18

U.S.C. § 3553(a), which include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with

---

[3] The Government argues that we should review the District Court's decision for plain error rather than abuse of discretion because Miller did not make the arguments she raises on appeal before the District Court. Miller did not file a reply brief and, therefore, did not address this argument. But we need not address this issue because even under the relatively more stringent abuse-of-discretion review, the outcome is the same.

4

similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Sheppard, 17 F.4th 449, 455 (3d Cir. 2021) (quoting Melvin, 978 F.3d at 52).

A district court may, but "need not[,] make specific findings of fact for each factor." Id. (citing Melvin, 978 F.3d at 52-53). A statement that the district court considered these factors is sufficient. Id. (citing Melvin, 978 F.3d at 52-53). And a district court "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Melvin, 978 F.3d at 53. But exceptional, extraordinary, new, or unforeseen circumstances "may be *sufficient* to justify early termination of a term of supervised release," despite not being necessary. Id. (emphasis in original).

Miller argues that the District Court did not consider her "exceptional, extraordinary and/ or new circumstances," and this constitutes an abuse of discretion that warrants reversal. Miller Br. 4. Miller identifies a new circumstance and exceptional changes that she argues the District Court failed to consider, including: (1) personal changes because "[s]ince her incarceration, [she] has become increasingly spiritual" as evidenced by her certificates in Biblical study; and (2) new exceptional changes due to her psychological treatment at a sex offender treatment facility, completion of a victim impact program, and "Workforce Development Program." Id. at 7-8. She argues that the District Court's failure to consider these new circumstances warrants reversal, as the

5

District Court failed to follow the instruction set out in United States v. Melvin, 978 F.3d 49 (3d Cir. 2020). Miller states that by failing to consider these circumstances, the District Court "relied on an improper legal standard." Miller Br. 9.

But the District Court did explicitly mention and consider all of the new circumstances Miller highlights in her brief. The District Court considered Miller's counseling, education in various fields, and religious training and education. It also recognized that Miller attended and received sex offender treatment. And it noted Miller's educational background and certificates. In all, it considered Miller's good conduct while in prison and on supervised release, but determined that it showed that Miller was simply capable of following the law while in prison and on supervised release.

The District Court considered Miller's conduct, the § 3553(a) factors, and the interest of justice in reaching its conclusion. In Melvin, this Court held that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release." 978 F.3d at 53 (emphasis in original). And here, the District Court did not even find that Miller's circumstances were extraordinary, let alone that her circumstances were extraordinary and sufficient to justify early termination of her supervised release. We see no reason to second guess the District Court's conclusion, supported by thorough reasoning, that Miller's new circumstances along with other considerations weighed against ending Miller's term of supervised release early. See id. Although Miller's good behavior and constructive and rehabilitative actions are noteworthy, the District Court faithfully applied this Court's precedent and did not abuse its discretion in denying her motion. We therefore will affirm.

IV.

For the foregoing reasons, we will affirm the District Court's order denying

Miller's motion for early termination of her term of supervised release.