**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sanford I. ATKIN, Defendant–**
**Appellant.**

No. 01–3811, 01–3968.

United States Court of Appeals,
Sixth Circuit.

March 8, 2002.

Before MARTIN, Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

Sanford I. Atkin, a pro se federal prisoner, appeals in these consolidated cases, a district court judgment denying his motion to prematurely terminate his term of supervised release filed pursuant to 18 U.S.C. § 3583. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sanford I. Atkin, a former attorney, was found guilty of twenty-eight felony counts related to a fraud scheme involving his work on behalf of a jailed pornographer (Reuben Sturman). Atkin bilked Sturman out of $550,000 by falsely claiming he was using the money to bribe United States District Judge George W. White, who presided over Sturman's 1989 tax-evasion trial in Cleveland, Ohio. The district court sentenced Atkin to sixty-three months of imprisonment and three years of supervised release. The district court also ordered Atkin to pay a fine in the amount of $12,500. This court affirmed Atkin's judgment of conviction and sentence. *United States v. Atkin*, 107 F.3d 1213 (6th Cir. 1997). Thereafter, Atkin moved the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Essentially, Atkin argued that his conviction should be set aside because his trial attorneys represented him ineffectively. The district court denied the motion, this court denied Atkin's application for a certificate of appealability, and the Supreme Court denied Atkin's petition for a writ of certiorari. *Atkin v. United States*, 531 U.S. 1177, 121 S.Ct. 1153, 148 L.Ed.2d 1014 (2001).

In his motion to prematurely terminate his term of supervised release, Atkin attacked the character and motivations of the Assistant United States Attorney (AUSA) that prosecuted him. In essence, Atkin claimed that the AUSA "framed" him and that the interests of justice de-

manded an evidentiary hearing. The district court denied Atkin's motion. Atkin appeals.

On appeal, Atkin reasserts the claims that he set forth in the district court.

■ This court reviews an order denying a motion to terminate a term of supervised release for an abuse of discretion. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

Upon review, we conclude that the district court did not abuse its discretion. A court "may" terminate a term of supervised release at any time after the expiration of one year of supervised release, if the action is warranted by the conduct of the defendant and is in the interests of justice. 18 U.S.C. § 3583(e)(1). Additional factors to consider are enumerated at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).

■ Although Atkin has served more than one year of supervised release, he has not shown that termination of supervised release is warranted by his conduct or is in the interests of justice. Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). Atkin provided the district court with nothing upon which to base an order terminating supervised release. Atkin does not exemplify exceptionally good behavior because he has not paid the court-ordered fine, and instead of showing changed circumstances, Atkin attacks the character and motivations of the AUSA that prosecuted him and claims that the AUSA "framed" him.

Thus, the district court did not abuse its discretion.

■ In addition, Atkin is not entitled to a hearing. He claims that he was entitled to a hearing pursuant to Fed.R.Crim.P. 32.1(b). That rule, however, only requires a hearing when the district court intends to revoke supervised release. It does not apply in Atkin's case.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.