RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0022p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOHN HALE,

*Defendant-Appellant*.

No. 24-5362

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:11-cr-00221-1—Waverly D. Crenshaw, Jr., District Judge.

Decided and Filed: January 30, 2025

Before: GILMAN, STRANCH, and LARSEN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Molly Rose Green, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. S. Carran Daughtrey, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

LARSEN, Circuit Judge. Appellant John Hale moved for early termination of supervised release four years and four months into his ten-year term of supervision. The district court denied his motion. For the reasons stated, we VACATE and REMAND for reconsideration of Hale's motion.

I.

In 2010, John Hale pleaded guilty to aggravated sexual battery by unlawful sexual contact. He was sentenced in Tennessee state court to eight years of imprisonment and lifetime supervision. As a result of his conviction, Hale was required to register as a sex offender in Tennessee. *See* Tenn. Code Ann. § 40-39-203; *see also* 18 U.S.C. § 2250(a).

In October 2011, Hale was indicted in the Middle District of Tennessee for traveling out of the state and failing to update his sex-offender registration in Tennessee as required under the federal Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). He pleaded guilty and was sentenced to fifteen months' imprisonment, to be served consecutive to his state sentence, and, upon release, to a term of ten years' supervised release with special conditions.

On June 8, 2018, after serving his sentences, Hale was released, and his supervision began. In January 2020, Hale violated a condition of his supervised release by consuming alcohol, and he was placed on a formal random-drug-testing program. Nearly three years later, he moved for early termination of his federal term of supervised release, having served approximately four years and four months of his ten-year term. He argued that, despite his January 2020 violation, he had otherwise complied with the conditions of his supervision, warranting early termination. For support, he cited his sex-offender treatment, his limited number of violations, and letters from his state probation officer, therapist, and long-time friend attesting to his compliance. Hale's federal probation officer could not recommend early termination for a convicted sex offender due to office policy. The United States did not oppose Hale's motion for early termination.

The district court denied Hale's motion. The court commended Hale for his positive behavior, but determined that early termination of supervised release was not appropriate. Hale timely appealed.

II.

We review the district court's denial of a motion for early termination of supervised release under the abuse-of-discretion standard. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir. 1994). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (citation omitted). Hale argues that the district court relied on both an improper legal standard and clearly erroneous facts when rejecting his motion.

A.

We begin with the legal standard that governs a motion for early termination of supervised release. A district court may, after considering a subset of the sentencing factors set forth in § 3553(a), terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).

In *United States v. Atkin*, we stated that "[e]arly termination of supervised release is a discretionary decision that is *only* warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." 38 F. App'x 196, 198 (6th Cir. 2002) (per curiam) (emphasis added). And our subsequent unpublished decisions have consistently reiterated *Atkin*'s rule. *See, e.g.*, *United States v. Zai*, 2024 WL 84084, at *2 (6th Cir. Jan. 8, 2024); *United States v. Bey*, 2023 WL 8043044, at *2 (6th Cir. Nov. 16, 2023) (order); *United States v. Butler*, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023) (order). The district court here understandably followed suit. Relying on *Atkin*, the district court determined that Hale

"d[id] not satisfy [*Atkin*'s] standard" because, "[a]lthough . . . Hale's behavior is admirable, it is far from exceptional and does not warrant early termination of supervised release."  R. 51 Dist. Ct. Order, PageID 144–45.

We agree with Hale that *Atkin* did not correctly state the legal standard when it said that early termination of supervised release is "*only* warranted" upon a showing of "exceptionally good behavior."  *Atkin*, 38 F. App'x at 198 (emphasis added).  Section 3583(e)(1) requires the district court to determine whether early termination "is warranted by the conduct of the defendant released and the interest of justice," in addition to certain § 3553(a) factors.  The text does not make "exceptionally good" conduct an absolute prerequisite to relief.  *Compare* 18 U.S.C. § 3582(c)(1)(A) (requiring a finding of "extraordinary and compelling" circumstances to warrant compassionate release); *and United States v. McCall*, 56 F.4th 1048, 1053–54 (6th Cir. 2022) (en banc) (same); *with* 18 U.S.C. § 3583(e)(1) (requiring consideration of "the conduct of the defendant released and the interest of justice").

That is not to say that a district court may not consider whether a defendant exhibited "exceptionally good behavior" when exercising its broad discretion to resolve motions for early termination of supervised release.  Indeed, we might expect that district courts will "generally" find early termination proper only when exceptionally good conduct or other changed circumstances are present.  *See Melvin*, 978 F.3d at 53.  After all, compliance with all conditions "is expected of an individual on supervised release," *Butler*, 2023 WL 6552878, at *2, and non-compliance is a ground for revocation, *see* 18 U.S.C. § 3583(e)(3).  But we cannot find in the text of the statute a "blanket rule" requiring exceptional conduct as a prerequisite to early termination.  *United States v. Ponce*, 22 F.4th 1045, 1048 (9th Cir. 2022).

We, like other circuits, seem to have gotten the idea that the statute invariably demands a showing of exceptionally good behavior from *United States v. Lussier*, a Second Circuit opinion. *See Atkin*, 38 F. App'x at 198 (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *see also Melvin*, 978 F.3d at 53 (discussing prior, but mistaken, reliance on *Lussier*); *Ponce*, 22 F.4th at 1047 (same).  But, of course, *Lussier* does not bind us.  What's more, *Lussier* did not even involve the early-termination-of-supervised-release provision before us now, § 3583(e)(1). Instead, the question in *Lussier* was whether a district court could use a neighboring provision

governing *modifications* of supervised release—§ 3583(e)(2)—to correct an allegedly illegal restitution condition. *See* 104 F.3d at 33. Section 3583(e)(2) makes no mention of the "conduct of the defendant" or "the interest of justice," which is the critical language here. *See* 18 U.S.C. § 3583(e)(1). And it's worth noting that, even with respect to § 3583(e)(2)'s modification provision, the Second Circuit has since clarified that *Lussier* "d[id] not *require* new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognize[d] that changed circumstances *may* in some instances justify a modification." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam) (second emphasis added); *see also United States v. Abbring*, 2023 WL 3476310, at *2 (6th Cir. May 12, 2023) (order) ("Although a change in circumstances is not explicitly covered by § 3583(e)(2), this court has previously explained that 'Section 3583(e)(2) allows district courts to adjust supervised release conditions to account for new or unforeseen circumstances.'" (quoting *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020))).

Like the other circuits that originally relied on *Lussier*, we clarify today that § 3583(e)(1) does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration. *See Melvin*, 978 F.3d at 53 (holding that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)"); *see also Ponce*, 22 F.4th at 1047 (explaining that it is incorrect as a matter of law to require a threshold showing of "exceptionally good behavior" under § 3583(e)(1)). Because the district court here appears, understandably, to have read our unpublished caselaw to require a showing of "exceptionally good" behavior as a threshold to relief, we vacate the district court's order and remand for reconsideration under the proper standard.

Because we remand for reconsideration, we do not reach Hale's argument that the district court relied on clearly erroneous facts about the terms of his state supervision. Hale's motion argued generally that he "no longer needs simultaneous state and federal supervision," and he noted that his state "supervision terms are extensive." R. 46 Motion for Early Termination, PageID 122, 124–25. Hale offered a long list of these terms. But the motion made no mention

of any mandatory state-imposed sex-offender treatment.  The district court concluded that Hale's "continued state supervision fails to erase the utility of his remaining federal term" because not all of his "state conditions overlap with his federal requirements."  R. 51 Dist. Ct. Order, PageID 145.  The court noted, in particular, that "only his federal conditions . . . explicitly require ongoing sex offender treatment."  *Id.*  Hale now argues that his state terms *do* require mandatory sex offender training, so the district court's finding was clearly erroneous.  Because we remand for reconsideration under the proper legal standard, we decline to reach this question.  On remand the district court may, in the exercise of its discretion, reconsider this question, including whether Hale's argument was properly developed in the initial motion.

* * *

We VACATE and REMAND in accordance with this decision.