RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0098p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee*,

*v.*

GUY COLLINS,

              *Defendant-Appellant*.

Nos. 25-5395/5651

───────────────

Appeal from the United States District Court for the Eastern District of Tennessee at Greeneville.
No. 2:09-cr-00031-9—Clifton Leland Corker, District Judge.

Argued: March 19, 2026

Decided and Filed: April 1, 2026

Before: MOORE, THAPAR, and MATHIS, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Jennifer Niles Coffin, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Knoxville, Tennessee, for Appellant. Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Jennifer Niles Coffin, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Knoxville, Tennessee, for Appellant. Brian Samuelson, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

KAREN NELSON MOORE, Circuit Judge. Guy Collins has thrice moved for early termination of his eight-year term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The district court denied the first motion despite concluding that further supervision appeared

unnecessary to deter Collins or to protect the public.  The court denied the second motion in a one-paragraph order emphasizing that Collins had yet to complete at least fifty percent of his supervised-release term, pursuant to the district court's custom.  And the district court denied the third motion, resisting Collins's argument that it had improperly relied on its fifty-percent custom and reasoning that requiring Collins to complete at least half of his term was necessary for deterrence and for protection of the public.  Collins timely appealed the second and third orders.  Because the district court abused its discretion in both, we **VACATE** the decisions of the district court and **REMAND** for further proceedings.

## I. BACKGROUND

In 2010, Collins pleaded guilty to one count of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), pursuant to a plea agreement.  R. 448 (Plea Agreement) (Page ID #1150).  On March 29, 2011, the district court sentenced Collins to 240 months' imprisonment, to be followed by a 10-year term of supervised release.  R. 916 (Judgment at 2–3) (Page ID #2755–56).  The court subsequently reduced Collins's sentence to 180 months' imprisonment and 8 years of supervised release pursuant to the First Step Act of 2018.  R. 1487 (Order Granting Mot. for Sentence Reduction at 5) (Page ID #5909).  The court noted that during his incarceration Collins "ha[d] incurred only one minor disciplinary infraction (in 2011), which was more than adequately addressed by the Bureau of Prisons."  *Id.*  The court further emphasized that Collins's "post-sentencing rehabilitation has been extensive, as evidenced by his SENTRY report and the letter appended to his motion."  *Id.*  Collins was at that time 56 years old and "ha[d] by all accounts turned his life around."  *Id.*

Collins commenced supervision on January 10, 2022.  *See* R. 1689 (U.S. Resp. to Def. Mot. for Early Termination at 1) (Page ID #6756).  On June 21, 2023, he moved, pro se, for early termination of his supervised release.  R. 1688 (First Mot. for Early Termination) (Page ID #6752).  The district court denied the motion without prejudice.  R. 1690 (First Order Denying Early Termination at 3) (Page ID #6760) [hereinafter First Order].  The court noted that the Government opposed early termination, despite that Collins had "maintained a stable residence and employment, passed all mandatory drug screens, completed all of his

court-ordered special conditions, and ha[d] not incurred any new arrests while on supervision." *Id.* at 2 (Page ID #6759). The court praised Collins for his good behavior, reasoning that Collins "has demonstrated significant rehabilitation in the past decade" and that "[t]o incur only one minor disciplinary infraction over the course of 12 years while in the BOP and thrive while on supervised release is undoubtedly model behavior." *Id.* at 2–3 (Page ID #6759–60). Thus, the court continued, "it does not appear that further supervision is necessary to afford adequate deterrence or to protect the public from further crimes of the defendant." *Id.* at 3 (Page ID #6760). Nonetheless, the court concluded that early termination was not warranted. The court emphasized "the seriousness of [Collins's] offense—trafficking crack cocaine"—and his "extensive criminal history," and noted that Congress had mandated a minimum supervision term of eight years for defendants similarly situated to Collins. *Id.* Therefore, "[t]o terminate [Collins]'s term of supervision after only completing 18 months would thwart the need to avoid sentence disparities and, as pointed out by the Government and evinced by [Collins]'s success, further supervision will only benefit [Collins]." *Id.*

Collins filed a second, counseled motion for early termination on October 21, 2024. R. 1716 (Second Mot. for Early Termination at 1) (Page ID #6817). The district court denied the motion in a one-paragraph order. R. 1720 (Second Order Denying Early Termination) (Page ID #6835) [hereinafter Second Order]. The court stated:

> Although the Court again applauds Defendant for abiding by the conditions of his supervision to date, *see* [Order, Doc. 1690, at 3 (commending Defendant for his good behavior but denying his motion for early termination because he had served only eighteen months of his eight-year term of supervision)], he has still not completed half of his term of supervision. As Defendant's counsel is aware, the Court, as a matter of custom, will not consider a defendant's request for early termination until he has completed at least half of his term of supervision. Defendant's motion is therefore premature and is **DENIED with leave to renew** at the appropriate time.

*Id.* Collins timely appealed this order. R. 1722 (Notice of Appeal) (Page ID #6837).

On July 11, 2025, Collins (through counsel) filed his third motion for early termination, styled as a "renewed" motion. R. 1725 (Third Mot. for Early Termination at 1) (Page ID #6843). The same day, Collins moved for an indicative ruling on the third motion, in which he "ask[ed]

the [c]ourt to find that it would grant his renewed motion for early termination of supervised release if it had jurisdiction to do so." R. 1726 (Mot. for Indicative Ruling at 1) (Page ID #6856). The district court denied both motions four days later, on July 15. R. 1727 (Third Order Denying Early Termination at 5–6) (Page ID #6862–63) [hereinafter Third Order]. The court found unavailing Collins's argument that the court's prior denials ran contrary to the Sixth Circuit's recent decision in *United States v. Tavarez*, 141 F.4th 750 (6th Cir. 2025). *Id.* at 2 (Page ID #6859). The court declined to "disturb its denial of" Collins's early termination request "without further instruction from the Sixth Circuit." *Id.* at 3 (Page ID #6860). The court emphasized that its fifty-percent custom "is precisely that—a custom, not an unbending rule— and the [c]ourt applies it with deference and adherence to the individualized inquiry that must accompany any analysis under § 3553(a)'s factors." *Id.*

Reflecting on the Second Order, the district court reasoned that "[t]he implication from the [c]ourt's denial was clear enough: Mr. Collins's good behavior was, in the [c]ourt's mind and discretion, insufficient to adequately deter criminal conduct and protect the public from further crimes at this stage of his supervision." *Id.* at 4 (Page ID #6861). The court also analogized to the Sixth Circuit's compassionate-release jurisprudence. *Id.* at 5 (Page ID #6862). In conclusion, the court again reiterated that "the need to adequately deter criminal conduct and protect the public from further crimes," which were "the two factors that . . . comprise the legal constructs of the [c]ourt's [fifty-percent] custom[,] continue to be of the highest concern to the [c]ourt at this juncture in Mr. Collins's term of supervision." *Id.*

Collins timely appealed the Third Order. R. 1729 (Notice of Appeal) (Page ID #6865). His two appeals were consolidated on his motion. *See* D. 12 (Order). On appeal, Collins argues that the district court abused its discretion by mechanically applying its fifty-percent rule without properly considering the relevant § 3553(a) factors. *See generally* D. 7 (Appellant Br.). The Government responds that courts may properly consider the amount of time a supervisee has completed and has remaining insofar as it is related to the § 3553(a) factors. *See generally* D. 13 (Appellee Br.). The Government concedes, however, that "it is admittedly hard to reconcile the district court's statement in its third order that further supervision is needed to deter criminal conduct and protect the public with its statement in its first order that further

supervision does not appear necessary for those purposes," and urges this court to remand for the district court to provide further explanation. *Id.* at 7.

## II.  SECOND ORDER

We have jurisdiction over the appeal of the Second Order as a final order of the district court pursuant to 28 U.S.C. § 1291.  *See Tavarez*, 141 F.4th at 754–56.  We review for abuse of discretion a district court's denial of a motion for early termination of supervised release.  *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025); *Tavarez*, 141 F.4th at 756–57.  As a general matter, "[a] district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard."  *Tavarez*, 141 F.4th at 757 (alteration in original) (quoting *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)).  "But a court also abuses its discretion in denying a motion for sentence reduction when 'the record as a whole' fails to satisfy us that the district court 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'"  *Id.* (alterations in original) (quoting *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020)).

Under 18 U.S.C. § 3583(e)(1), a district court may, after considering certain of the § 3553(a) factors,[1] "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  Missing from this list of factors is the retributive purpose of sentencing expressed in § 3553(a)(2)(A).  *Id.* § 3583(e).  As the Supreme Court explained in *Esteras v. United States*, exclusion of this factor means that district courts cannot consider "the need to exact retribution for the defendant's underlying crime."  606 U.S. 185, 194–95 (2025).

---

[1]The relevant § 3553(a) factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentence and the sentencing range established for . . . the applicable guidelines or policy statements issued by the Sentencing Commission," any pertinent policy statements from the Sentencing Commission, "the need to avoid unwarranted sentence disparities," and "the need for the sentence imposed" to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C § 3553(a); *id.* § 3583(e)(1) (listing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

Our court has yet to address head-on the propriety of a district court's "custom" not to consider motions for early termination of supervised release before at least fifty percent of a defendant's supervised-release term has elapsed.[2]  Doing so here, we conclude that district courts cannot employ a blanket rule requiring defendants to complete a certain proportion of their supervised-release term without conducting an individualized assessment of the relevant § 3553(a) factors, and that the district court therefore abused its discretion by failing to consider the relevant § 3553(a) factors in the Second Order.  As recounted above, the sole enumerated basis for denying Collins's request was the district court's view of the motion as "premature." R. 1720 (Second Order) (Page ID #6835).  The court stated that Collins "has still not completed half of his term of supervision" and that "[a]s Defendant's counsel is aware, the [c]ourt, as a matter of custom, will not consider a defendant's request for early termination until he has completed at least half of his term of supervision." *Id.*  The Second Order does not explain how, if at all, the proportion of his supervised-release term that Collins has completed pertains to any relevant § 3553(a) consideration.  Indeed, it gives "no indication that the district court considered the relevant § 3553(a) sentencing factors." *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *7 (6th Cir. Dec. 21, 2022).

*United States v. Evans* is instructive.  No. 25-5118, 2025 WL 2486607 (6th Cir. Aug. 26, 2025) (order).  There, the district court denied the defendant's early-termination request "because, as a matter of practice, it does not consider defendant-filed motions for early termination of supervised release." *Id.* at *2.  We held that remand was required because the "order made no mention of the required § 3553(a) factors." *Id.*  So too, here.

The Seventh Circuit's rejection of a similar categorical rule lends further support to our own conclusion.  In *United States v. Lowe*, the district court had denied a defendant's motion for early termination pursuant to a "policy of refusing to grant" such a motion "unless a defendant has twelve months or less remaining on his term of supervised release."  632 F.3d 996, 998 (7th Cir. 2011).  On appeal, the Seventh Circuit held that "this unexplained, clearly arbitrary policy certainly circumvents the intent and purposes of 18 U.S.C. § 3583(e)(1)." *Id.* at 999.  The court

---

[2]Collins's counsel represents that this custom is common among judges in the Eastern District of Tennessee. *See* D. 7 (Appellant Br. at 23–26).

explained that "[t]hough § 3583(e)(1) gives the court discretion in granting a motion for early termination of supervised release, the district court's failure to even consider such motions until twelve months before the probation's end-date completely disregards the statute it must follow." *Id.* We find the Seventh Circuit's reasoning persuasive. The amount of time a defendant has served cannot be the sole animating force behind a court's early-termination decision—the statute mandates that such decisions flow from individualized inquiries based on the relevant § 3553(a) factors. A blanket rule, or custom, is not individualized.

We have reasoned similarly in the compassionate-release context. In *United States v. Bailey*, we addressed an alleged "de facto 'presumption' against granting compassionate release whenever an inmate has served less than 50% of her sentence" adopted by courts in the Eastern District of Tennessee. No. 20-5951, 2021 WL 3631341, at *2 (6th Cir. Aug. 17, 2021). We observed that "[s]uch an approach would be problematic" because "[a] critical touchstone of sentencing or sentence-modification is that each defendant must receive individualized consideration under the § 3553(a) factors." *Id.* at *3. "A district court would contravene that requirement if it used a time-served presumption without otherwise considering all relevant § 3553(a) factors." *Id.*[3]

The Second Order still represents an abuse of discretion even if we consider the First Order as part of the relevant record. In the First Order, the district court explicitly stated that "it does not appear that further supervision is necessary to afford adequate deterrence or to protect the public from further crimes of the defendant." R. 1690 (First Order at 3) (Page ID #6760). The district court, therefore, could not logically have considered those factors as warranting further supervision in the Second Order. Additionally, although the First Order references the "seriousness" of Collins's underlying offense and Collins's "extensive criminal history," *id.*, those invocations are insufficient to adequately justify the Second Order. By the district court's own admission, those facts do not counsel in favor of further supervision because of a need for deterrence or protection. And per *Esteras*, the court cannot consider those facts for a retributive

---

[3]The *Bailey* court ultimately concluded that, because the district court *did* raise other § 3553(a) considerations, reversal was not warranted. 2021 WL 3631341, at *3.

purpose.  The mention of those facts thus does not shed any light on the court's consideration of the relevant factors in the Second Order.

Nor does the district court's observation that "Congress mandated a minimum term of supervision of eight years for those with a record and conviction similar to that of [Collins]," *id.*, justify the Second Order.  By the time Collins moved for early termination a second time, he had served an additional 16 months of supervised release, meaning that he completed a total of 34 months of supervision.  But the district court did not address whether granting early termination at that point would still lead to an unwarranted sentencing disparity.  Furthermore, notwithstanding the eight-year statutory minimum, district courts remain empowered to terminate supervision any time after one year has expired.  *See United States v. Harris*, No. 21-5805, 2023 WL 4030070, at *1 (6th Cir. June 15, 2023), *abrogated on other grounds by Tavarez*, 141 F.4th at 754–56.  Congress, therefore, clearly did not believe that all early terminations result in unwarranted sentencing disparities.  In sum, the First Order does not provide any relevant consideration of the pertinent § 3553(a) factors that can be imputed to the Second Order, and the district court abused its discretion in failing to engage with, or even mention, the relevant § 3553(a) factors in the Second Order.

### III.  THIRD ORDER

We have jurisdiction to review the Third Order pursuant to 28 U.S.C. § 1291.  Although Collins's third motion was filed, and the Third Order was entered, after Collins noticed his appeal of the Second Order, Collins moved for an indicative ruling under Federal Rule of Criminal Procedure 37.  Rule 37(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  FED. R. CRIM. P. 37(a); *see also* FED. R. APP. P. 12.1.  The district court, therefore, had jurisdiction to deny Collins's third motion, and we have jurisdiction to review that denial.  *Cf. United States v. Gowder*, No. 20-6117, 2021 WL 1328601, at *2 (6th Cir. Mar. 1, 2021) (order); *United States v. DeLong*, Nos. 21-3255/3429/3509, 2022 WL 816957, at *5 (6th Cir. Jan. 24, 2022) (order).

The district court abused its discretion in denying Collins's third motion.  The Third Order appears to be an attempt by the district court to backfill analysis evidently missing from the Second Order.  Walking back its invocation of its fifty-percent custom in the Second Order, the district court insists that the custom is only a guideline applied with a view toward individual circumstances.  But the reasoning in the Third Order falls flat in light of the text of the First and Second Orders.

It may be the case, as the district court asserts, *see* R. 1727 (Third Order at 3–5) (Page ID #6860–62), and the Government echoes, *see* D. 13 (Appellee Br. at 17), that the proportion of their supervised-release term that a defendant has completed may be relevant to a court's determination of whether supervision remains necessary to deter or rehabilitate the defendant, or to protect the public.  *See United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023) (order) ("The short amount of time Butler has served on his term is relevant to many of the § 3553(a) factors, including deterrence and avoiding unwarranted disparities."), *abrogated on other grounds by*, *Hale*, 127 F.4th at 642.  We do not decide that here.  But assuming *arguendo* that the proportion completed can be considered for its bearing on some relevant § 3553(a) factor(s), a district court would need to be explicit in drawing that connection for a particular defendant:  The proportion *standing alone* is not a relevant consideration.  *See Tavarez*, 141 F.4th at 758 (the mere fact that a defendant "ha[d] not yet served half of the term of his supervision" does not "concern[] any of the relevant § 3553(a) factors" (first alteration in original) (quotation omitted)).  Congress imposed a minimum time requirement of one year, and a court may not add to that time requirement without tying its decision to the relevant statutory factors.

In the instant case, the district court concluded in the Third Order that "the need to adequately deter criminal conduct and protect the public from further crimes" counseled against early termination of Collins's supervised release.  R. 1727 (Third Order at 5) (Page ID #6862).  We cannot credit this finding, however, because it directly contradicts the court's earlier statement in the First Order.  *See* D. 13 (Appellee Br. at 21) (noting the "seemingly contradictory reasons in [the court's] first and third orders").  The district court never explained why it

changed its mind. Not did it offer any other § 3553(a) factor to which the proportion of the term completed is relevant. The Third Order, therefore, represents an abuse of discretion.

## IV. CONCLUSION

For the reasons set forth above, we **REVERSE** the decisions of the district court and **REMAND** for further proceedings consistent with this opinion.