NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0155n.06

Case No. 25-3789

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Apr 02, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| LESEAN ROBERTS, | ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: CLAY, McKEAGUE, and NALBANDIAN, Circuit Judges.

McKEAGUE, Circuit Judge. LeSean Roberts moved to terminate his supervised release. Because the record does not make clear that the district court considered the relevant 18 U.S.C. § 3553(a) factors in denying Roberts's motion, we **VACATE** the district court's order and **REMAND**.

**I.**

Nearly two decades ago, LeSean Roberts was convicted of drug offenses. At the time, based on Roberts's criminal history, the district court was required to impose a mandatory term of life imprisonment. But in 2016, the President commuted Roberts's sentence to 240 months. And then, after Roberts had served 180 months' imprisonment, the district court reduced his custodial sentence to time served and imposed an eight-year period of supervised release.

Since his release, Roberts has twice moved to end his supervision. The district court denied his first motion, which came just a year-and-a-half after his release. So, Roberts renewed his

request when his supervision term neared its halfway point. But the district court denied that request too.

A pair of docket entries memorialize the district court's more recent ruling. The first is a marginal entry on Roberts's motion, with an "x" to indicate that the request was denied. The second consists of a supervision report prepared by the probation office, detailing Roberts's compliance with supervision, and reciting the relevant 18 U.S.C. § 3553(a) factors. Looking to Roberts's history and characteristics, the report recommended denying Roberts's motion because "he is a career offender." R. 243, PageID 2096. The district court refiled the supervision report in its entirety and checked a box on the last page indicating that Roberts's request was denied.

Roberts appealed, arguing that the district court abused its discretion in denying his motion. The government agrees.

## II.

A district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). But, in exercising that discretion, "the record must demonstrate that the district court considered the relevant § 3553(a) factors before denying an early termination motion." *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025); *see* 18 U.S.C. § 3583(e). That's because a district court "abuses its discretion in denying a motion for sentence reduction when the record as a whole fails to satisfy us that the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *Tavarez*, 141 F.4th at 757 (citation modified).

Against that backdrop, *Tavarez* makes clear that a district court cannot deny a defendant's motion for early termination of his supervised release with only a checkmark. *Id*. at 758. Here, across two orders, the district court denied Roberts's motion by marking an "x" on a line. In doing so, it did not mention § 3553(a) or offer any measure of additional reasoning. Put differently, the district court provided "no indication" that it considered the relevant sentencing factors. *Id.* at 759. The government concedes as much. *See* Appellee's Br. at 6. And we have consistently deemed similar orders insufficient. *See, e.g.*, *Tavarez*, 141 F.4th at 759; *United States v. Morgan*, No. 25-3714, 2026 WL 249619, at *1 (6th Cir. Jan. 27, 2026); *United States v. Flowers*, No. 25-3523, 2025 WL 3525260, at *1 (6th Cir. Dec. 4, 2025); *United States v. Evans*, No. 25-5118, 2025 WL 2486607, at *1-2 (6th Cir. Aug. 26, 2025).

True, the supervision report includes a recitation of the § 3553(a) factors. *Cf. Tavarez*, 141 F.4th at 758 (recognizing that when there was "no mention of the factors anywhere" in a supervision report, a similar order did "not show that the district court reasoned through Tavarez's arguments or considered the relevant § 3553(a) factors"). Even still, the district court's orders contain no language indicating it considered the relevant sentencing factors. *See Morgan*, 2026 WL 249619, at *1 (Bush, J., concurring). Nor do the orders "explicitly" adopt the supervision report's analysis. *Id*. While we have recognized (in other contexts) that a barebones order may sometimes be sufficient, there must be at least some indication in the record as to how the district court considered the § 3553(a) factors. *See, e.g.*, *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir.) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018)), *cert. denied*, 145 S. Ct. 2827 (2025). There is nothing of the sort here. Without more, the district court's checkmark denial does not allow us to "discern from the record how or why denying the motion to terminate

comported with consideration of the relevant § 3553(a) factors." *Tavarez*, 141 F.4th at 758–59 (citation modified).

The district court's omission of any analysis leads to other problems as well. In reciting the § 3553(a) factors, the supervision report referred to Roberts as a career offender. But, as Roberts points out, the district court previously concluded that he was improperly classified as a career offender at sentencing (although, at the time, that error had no impact, given the statutory minimum term). *See United States v. Montanez*, 442 F.3d 485, 494 (6th Cir. 2006). Because of the district court's lack of analysis, we cannot say how, or even if, that erroneous offender classification factored into the decision to deny Roberts's motion.

## III.

All told, we **VACATE** the district court's order denying Roberts's motion to terminate his supervised release and **REMAND** consistent with *Tavarez*.